Wansdown Props. Corp., N.V. v Azari (2018 NY Slip Op 07048)





Wansdown Props. Corp., N.V. v Azari


2018 NY Slip Op 07048


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7414 151406/17

[*1]Wansdown Properties Corporation, N.V., Plaintiff-Respondent,
v
Azadeh Nasser Azari, Defendant-Appellant.


Beys Liston & Mobargha LLP, New York (Nader Mobargha of counsel), for appellant.
Blank Rome LLP, New York (Martin S. Krezalek of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 24, 2017, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this action, plaintiff — the defendant in a previous action — seeks to vacate the prior judgment against it. That judgment was based on an affidavit of confession of judgment executed on plaintiff's behalf by Gholam Reza Golsorkhi, its president managing director. Plaintiff alleges that Golsorkhi lacked authority to execute that affidavit; it also seeks to vacate the prior judgment based on defendant's alleged misconduct (see CPLR 5015[a][3]).
Defendant contends that plaintiff may not claim that the affidavit was not "executed by" it (CPLR 3218[a]), because it is the judgment debtor from the prior action, as opposed to a third-party creditor. While there is authority supporting defendant's position (see e.g. Giryluk v Giryluk , 30 AD2d 22, 25 [1st Dept 1968], affd 23 NY2d 894 [1969]), there is also authority supporting plaintiff's position that a plenary action to vacate a judgment entered on an affidavit of confession of judgment can be based on the argument that the person executing the affidavit lacked authority (see L.R. Dean, Inc. v International Energy Resources , 213 AD2d 455, 456 [2d Dept 1995]). In any event, courts have "inherent discretionary power" to vacate judgments, even on a ground not mentioned in CPLR 5015(a) (see Woodson v Mendon Leasing Corp. , 100 NY2d 62, 68 [2003]).
The documentary evidence refutes plaintiff's claim that Golsorkhi lacked authority. Plaintiff alleges that it was managed and controlled by its sole shareholder. However, its articles of incorporation say, "The company [i.e., plaintiff] shall be managed by a Management Board consisting of two or more managing directors" (emphasis added). The managing directors are not the same as the shareholder; the articles say, "The managing directors shall be appointed by the general meeting of shareholders." Finally, the articles say that "if one of the directors is appointed as president managing director, the company may ... be represented by the president alone." The documentary evidence submitted by defendant shows that Golsorkhi was plaintiff's president managing director.
Plaintiff contends that, pursuant to the internal affairs doctrine, the issue of Golsorkhi's authority should be governed by the law of the Netherlands Antilles because plaintiff was incorporated under that law. Plaintiff presented no proof of Netherlands Antilles law so as to make possible a determination whether there is an actual conflict between that law and New York law (the law of the forum) (see Matter of Allstate Ins. Co. [Stolarz New Jersey Mfrs. Ins. Co.] , 81 NY2d 219, 223 [1993]), and absent proof that Netherlands Antilles law conflicts with New York law, we apply New York law (Gangel v DeGroot , 41 NY2d 840, 842 [1977]).
Under New York law, "[t]he president or other general officer of a corporation has power, prima facie, to do any act which the directors could authorize or ratify" (Odell v 704 Broadway [*2]Condominium , 284 AD2d 52, 56 [1st Dept 2001] [internal quotation marks omitted]). Plaintiff's reliance on Cooper, Selvin & Strassberg v Soda Dispensing Sys. (212 AD2d 498 [2d Dept 1995]) and Craven v Gazza (36 Misc 2d 493, 496 [Sup Ct, Queens County 1962], mod on other grounds 19 AD2d 646 [2d Dept 1963]) for the proposition that "the president of a corporation has no power, merely by virtue of his or her office, to confess judgment against the corporation" (Cooper , 212 AD2d at 499) is misplaced. In both those cases, the corporations' governing documents showed that the president lacked the power to confess judgment in the amounts at issue (see 212 AD2d at 499; 36 Misc 2d at 496). By contrast, plaintiff points to no limiting language in its articles of incorporation.
The misconduct alleged in the complaint is not the sort of misconduct that would warrant vacating the prior judgment (see Giryluk , 30 AD2d at 23 [a judgment by confession has "all of the qualities, incidents and attributes of a judgment on a verdict, including a presumption as to its validity"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK